UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KIMPTON HOTEL & RESTAURANT GROUP, INC., ET AL | CIVIL ACTION |
| VERSUS | NO. 06-1736 |
| LIBERTY MUTUAL FIRE INSURANCE COMPANY | SECTION "C" (5) |

ORDER AND REASONS

This matter comes before the Court on the issue of whether subject matter jurisdiction exists in this removed case. Having determined that the defendant, Liberty Mutual Fire Insurance Company ("Liberty Mutual") has not shown that the parties were diverse at the time of removal, this matter is hereby REMANDED to state court pursuant to 28 U.S.C. § 1447(c).

The parties may neither consent to nor waive federal subject matter jurisdiction. Simon v. Wal-Mart Stores, Inc., 193 F.3d 848 (5th Cir. 1999). Bare assertions by the removing party are insufficient to invest a federal court of jurisdiction. Asociacion Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia, S.A., 988 F.2d 559 (5th Cir. 1993), cert. denied, 114 S.Ct. 685 (1994). Instead, the Fifth Circuit advises the district courts that they should review their subject matter jurisdiction in removed cases. Id.; Luckett v. Delta Airlines, Inc., 171 F.3d 295 (5th Cir. 1999).

The defendant's statement of jurisdiction in its removal petition provided only that the plaintiff limited partnership, First Orleans Hotel Associates, L.P., "... is a limited partnership organized and

1

existing under the laws of the State of California with its principal place of business in San Francisco, California." (Rec. Doc. 1, p. 3). Because removal was based on diversity and a limited partnership is a party, the Court previously asked that the defendant provide a statement of jurisdiction that complies with the requirements of Carden v. Arkoma Associates, 494 U.S. 185 (1990) and its progeny to cure the deficiency in pleading. (Rec. Doc. 17). The subsequently-filed statements regarding subject matter jurisdiction filed by the defendant do not set forth information sufficient to affirmatively establish this Court's subject matter jurisdiction. (Rec. Docs. 29 & 31).

In addition, the Court is mindful that removal jurisdiction is strictly construed. See: Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941); Brown v. Demco, Inc., 792 F.2d 478 (5th Cir. 1986); Butler v. Polk, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil*, §3721. When subject matter jurisdiction is doubtful, remand is appropriate. C. Wright, A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil*, §3739.

Accordingly,

IT IS ORDERED that this matter be and hereby is REMANDED to the Civil District Court for the Parish of Orleans, State of Louisiana, due to a lack of subject matter jurisdiction under 28 U.S.C. § 1447(c).

New Orleans, Louisiana, this 31st day of May, 2006.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE

2